IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | | |
|---|---|---|
| TERI MONTGOMERY, | ) | |
| Plaintiff, | ) ) ) | 3:12-CV-01759-JO |
| v. | ) ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | OPINION AND ORDER |
| Defendant. | ) | |

JONES, J.,

Plaintiff Teri Montgomery appeals the Commissioner's decision denying her concurrent applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). I AFFIRM the Commissioner's decision.

**PRIOR PROCEEDINGS**

Montgomery alleged disability beginning August 2, 2005, due to diabetes, multiple sclerosis, and Hashimoto's hypothyroidism. She alleged that pain in the back and legs limited her ability to walk, stand, sit, bend, lift, and climb stairs. She also alleged urinary urgency, vision problems, and numbness in the hands. Admin. R. 189.

-1-    OPINION AND ORDER

The ALJ applied the sequential disability determination process described in 20 C.F.R. sections 404.1520 and 416.920. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). The ALJ found that multiple sclerosis with chronic pain and obesity affected Montgomery's ability to perform basic work activities. Admin. R. 18. He found that Montgomery failed to establish the criteria for any of the presumptively disabling conditions listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P ("Listing of Impairments"). Admin. R. 20. The ALJ found that, despite her impairments, Montgomery retained the residual functional capacity ("RFC") to perform sedentary work, except she could only occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and only occasionally balance, stoop, kneel, crouch, or crawl. Admin. R. 6-7, 20.

The ALJ found that Montgomery's past work as a payroll clerk and telephone operator did not require activities precluded by her RFC. Admin. R. 9, 23. In addition, the vocational expert testified that a person having Montgomery's RFC and vocational factors could perform the activities required in other sedentary occupations such as telephone solicitor and information clerk, representing hundreds of thousands of jobs in the national economy. Admin. R. 25, 58. Accordingly, the ALJ concluded that Montgomery was not disabled within the meaning of the Social Security Act on the alternative grounds that (1) she could perform her past work and (2) she could perform the requirements of other work in the national economy. Admin. R. 9, 25. The Appeals Council granted Montgomery's request for review and adopted the ALJ's findings in all respects relevant to this appeal. Admin. R. 3-9.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings of fact are supported by substantial evidence in the record as a whole. 42

U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson,* 359 F.3d at 1193; *Andrews v. Shalala,* 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## DISCUSSION

### I.     Claims of Error

Montgomery contends the ALJ improperly evaluated the opinions of Charles Trammel, D.O., and Jaime Wheeler, M.D. She also contends the ALJ erred at step three of the disability determination process by failing to consider the criteria for Listing 11.09 of the Listing of Impairments.

### II.    Medical Opinions

Montgomery contends the ALJ improperly discounted Dr. Trammel's opinion and gave excessive weight to that of Dr. Wheeler. Dr. Trammel examined Montgomery and issued a report which he later supplemented with an addendum. Dr. Wheeler reviewed all of the medical evidence in the record as of November 24, 2008, plus Dr. Trammel's reports.

#### A.     Dr. Trammel

On November 25, 2008, Dr. Trammel performed a consultative evaluation regarding Montgomery's subjective claims of diabetes, hypothyroidism, multiple sclerosis, and chronic pain in the neck, lower back, and knee. Montgomery told Dr. Trammel she had a remote history of coronary angioplasty; she denied bladder problems, weakness, or changes in vision. Dr. Trammel diagnosed type I diabetes, hypothyroidism, coronary artery disease, chronic pain, obesity, and multiple sclerosis. He noted that Montgomery was not compliant with treatment and was taking no

medications except occasional insulin. Dr. Trammel's only abnormal objective findings were that Montgomery was obese and had decreased range of motion in the neck and stiffness and tenderness in the knees, neck, and lower back. Admin. R. 255.

On December 29, 2008, despite his generally unremarkable objective findings, Dr. Trammel completed a Medical Source Statement worksheet on which he checked boxes indicating that Montgomery was limited to sedentary exertion and could sit for a total of no more than three to four hours in a workday, reach overhead on only a limited basis, and never stoop, bend, or crawl. Admin. R. 252-53. Dr. Trammel later discussed this Medical Source Statement with Dr. Wheeler, and clarified that it reflected the limitations Montgomery subjectively reported instead of his own findings. Admin. R. 265.

In January 2009, Dr. Trammel submitted an addendum to his previous statement setting out his objective findings, clinical observations, and opinion of Montgomery's functional limitations. Dr. Trammel said that Montgomery had normal gait and station without a limp and did not need an assistive device. She was able to get on and off of the examination table without difficulty. On physical examination, Dr. Trammel found no limitation in her knee. His neurological examination showed normal strength and sensation. His examination of Montgomery's spine showed diffuse tenderness in the lumbo-sacral region but no spasm. Montgomery limited her bending to 45 degrees, but Dr. Trammel was unsure whether this was the extent of her ability. Dr. Trammel opined that Montgomery should be able to stoop, bend, and crawl occasionally, sit for a total of 6 hours in a workday and lift in the light range of exertion. He found no physical evidence of current symptoms of multiple sclerosis. Admin. R. 250.

The ALJ gave Dr. Trammel's statements some weight. He incorporated some elements of Dr. Trammel's assessment into the RFC determination. Consistent with Dr. Trammel's addendum, the ALJ found that Montgomery could engage in occasional climbing of ramps and stairs, but not ladders, ropes, or scaffolds; she could occasionally balance, stoop, kneel, crouch, or crawl. The ALJ found that Montgomery could perform only sedentary work instead of the light limitation in Dr. Trammel's addendum. The ALJ did not accept the limitations in the December 2008 Medical Source Statement, restricting Montgomery to no more than three to four hours of sitting during a workday, no stooping, bending, or crawling, and limited reaching above her head. Admin. R. 20, 23.

Montgomery contends the ALJ should have adopted the limitations in Dr. Trammel's Medical Source Statement. This argument cannot be sustained because Dr. Trammel made clear to Dr. Wheeler that those limitations were not his own opinion, but the subjective limitations Montgomery reported. Admin. R. 265. Instead, the ALJ adopted the limitations in Dr. Trammel's addendum, which represented his opinion of Montgomery's functional limitations. Admin. R. 20, 250. In doing so, the ALJ did not reject Dr. Trammel's opinion.

Even if the Medical Source Statement were construed as Dr. Trammel's opinion, the ALJ gave clear and convincing reasons for discounting the limitations it contained. An ALJ can reject an examining physician's opinion that is inconsistent with the opinions of other treating or examining physicians, if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An uncontradicted opinion may be rejected for clear and convincing reasons. *Thomas*, 278 F.3d at 956-57.

The ALJ said the limitations in the Medical Source Statement were not supported by objective findings. Admin. R. 23. The evidence shows that Dr. Trammel's findings were generally normal except for reduced range of motion in the neck and diffuse tenderness and stiffness. These findings do not suggest the extreme limitations in the Medical Source Statement. An ALJ need not accept a medical opinion that is unsupported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may properly discount a medical opinion that is conclusory, in checklist form, and unsupported by objective evidence or supporting rationale. *Batson*, 359 F.3d at 1195.

Here, the evidence shows that the Medical Source Statement was premised on Montgomery's subjective report and not on Dr. Trammel's clinical findings. Admin. R. 265. The ALJ properly found Montgomery's statements about the intensity, persistence and limiting impact of her symptoms not fully credible. Admin. R. 21. Montgomery does not challenge the adverse credibility finding. An ALJ is entitled to reject a medical opinion that is premised primarily on subjective complaints that the ALJ found unreliable. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ also found the limitations in the Medical Source Statement inconsistent with Montgomery's reported daily activities. Admin. R. 23. Montgomery described fairly limited activities, including performing all her self care and hygiene, cooking, washing the dishes, driving, shopping, and watching television. Although this description does not evoke a very active lifestyle, the activities suggest that Montgomery is able to bend, stoop, and crouch to some extent and sit more than stated in the Medical Source Statement.

The ALJ found the limitations in the Medical Source Statement inconsistent with the opinion of Dr. Wheeler, the weight of the objective medical evidence, and her conservative and intermittent

course of treatment. Admin. R. 23. The ALJ discussed each of these factors in his decision and they are supported by substantial evidence. Accordingly, there is no error in the ALJ's evaluation of Dr. Trammel's opinion.

### B.    Dr. Wheeler

Montgomery contends the ALJ erred by crediting Dr. Wheeler's opinion. The Commissioner relies on medical consultants to make findings of fact about the nature of a claimant's impairments and the severity of the functional limitations they impose. 20 C.F.R. §§ 404.1527(f), 416.927(f); SSR 96-6p, 1996 WL 374180. These consultants do not treat or examine the claimant, but form their opinions by reviewing the medical evidence in light of their expertise in the disability programs under the Social Security Act. An ALJ is not bound by the findings of reviewing consultants, but may not ignore their opinions and must explain the weight given to their opinions in the decision. SSR 96-6p.

The ALJ relied on Dr. Wheeler in this way in assessing Montgomery's RFC. In January 2009, Dr. Wheeler reviewed Montgomery's medical records along with all the evidence in the case and found that the record as a whole supported an RFC assessment for sedentary exertion, including sitting up to a total of six hours in a workday, occasional bending or stooping, and no crawling. Admin. R. 260-61, 265. The ALJ gave Dr. Wheeler's opinion great weight. Admin. R. 23.

Montgomery challenges Dr. Wheeler's opinion because Dr. Wheeler did not find that she had any limitations associated with multiple sclerosis. At the time Dr. Wheeler reviewed the record, however, there was no evidence of current functional limitation from multiple sclerosis. In the same month that Dr. Wheeler issued her opinion, Dr. Trammel said that there was no physical evidence of multiple sclerosis in his evaluation. Admin. R. 250. In addition, Montgomery's treating physician

-7-    OPINION AND ORDER

noted that Montgomery did not receive treatment for multiple sclerosis for several years ending after Dr. Wheeler's review.   Admin. R. 22, 297-98.

Montgomery contends the ALJ erred because he did not find that coronary artery disease or diabetes had an adverse impact on Montgomery's ability to work. Dr. Wheeler listed coronary artery disease and diabetes as diagnoses supported by the record, but did not find evidence that those conditions resulted in functional limitations. Admin. R. 259. The ALJ noted that Montgomery underwent an angioplasty for coronary artery disease in 1999. Admin. R. 19. Montgomery did not identify any evidence of functional impairment from that condition during the period under consideration. The ALJ also noted that Montgomery was diagnosed with diabetes in 1999. The only evidence of functional impairment from diabetes during the relevant period is Montgomery's testimony that she has difficulty regulating her insulin. The ALJ found this testimony not credible, however, because Montgomery had no abnormal findings on examination, failed to comply with treatment, and ignored recommendations for lifestyle changes, including diet and exercise. Admin. R. 19-20. Under these circumstances, the ALJ could reasonably infer that, although Montgomery met the diagnostic criteria for coronary artery disease and diabetes, she failed to prove that they had an adverse impact on her ability to perform basic work activities.

### III.   Listing of Impairments

The regulations apply a conclusive presumption that a claimant is disabled if the claimant demonstrates that her condition meets the criteria for "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d), 416.920(d). The presumptively disabling conditions and the criteria needed to establish them are listed in the regulatory Listing of

Impairments. The claimant has the burden of proving that her condition meets or equals the criteria for a listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Montgomery contends the ALJ failed to consider the criteria for Listing 11.09, which concerns limitations from multiple sclerosis. The ALJ cited Listings 9.08 and 11.08 and found that the objective medical evidence did not support the criteria for a finding of disability under either. The ALJ considered Listing 9.08, which covers limitations associated with diabetes, because Montgomery had a diabetes diagnosis and received treatment for diabetes. Listing 11.08 concerns lesions of the spinal cord and nerve roots, however, and there is no evidence or allegation that would give the ALJ reason to consider that listing. I am persuaded by the Commissioner's argument that the reference to Listing 11.08 must be attributed to a scrivener's error. I conclude that a clerical error resulted in the reference to Listing 11.08 and that ALJ considered and intended to cite Listing 11.09.

Furthermore, even if the ALJ had erred by not considering Listing 11.09, the error would be harmless because Montgomery failed to present evidence that would support a finding that she met the criteria for Listing 11.09. Listing 11.09 requires sustained disturbance of gross and dextrous movements or station and gait, loss of vision, organic mental disorder, or neurological dysfunction resulting in reproducible fatigue of motor function with muscle weakness demonstrated on physical examination. Montgomery does not argue that the record includes evidence of any of these criteria. She cannot plausibly make that argument because the evidence is to the contrary. Indeed, her brief contends only that the ALJ should have considered Listing 11.09 and does not attempt to state any theory as to how the evidence supports a finding of disability under Listing 11.09. *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (failure to consider whether the claimant's condition was

-9-    OPINION AND ORDER

equivalent to a listing was not erroneous where claimant offered no plausible theory as to how the evidence showed his impairments combined to equal the listing).

The court may not reverse an ALJ's decision based on an error that is harmless and it is the claimant's burden to establish error and to show that it was harmful. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, Montgomery has failed to meet her burden of showing harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (error is harmless where the claimant fails to show at least a substantial likelihood of prejudice); *Molina*, 674 F.3d at 1115 (error is harmless where it is inconsequential to the nondisability determination in light of the record as a whole); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless if the nondisability determination remains supported despite the error).

In summary, I am satisfied that the ALJ considered Listing 11.09 and that the reference to Listing 11.08 was nothing more than a clerical error. Even if the ALJ did consider the wrong listing, Montgomery did not show that she was harmed because there is no evidence in the record that would support the criteria for Listing 11.09.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED.

DATED this 12th day of November, 2013.

                                                                Robert E. Jones, Senior Judge
                                                                United States District Court